UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EDWARD BUCKINS,<br><br>    Plaintiff,<br><br>    v.<br><br>BRENDA MCCOY, et al.,<br><br>    Defendants. | Case No. 16-cv-06157-SI<br><br>**ORDER OF DISMISSAL WITH LEAVE TO AMEND**<br><br>Re: Dkt. Nos. 1, 2 |

Darrell Edward Buckins, Jr., formerly an inmate at the Glenn Dyer Jail in Alameda County and now an inmate at the San Francisco County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining of conditions of confinement at the Glenn Dyer Jail. His complaint is now before the court for review under 28 U.S.C. § 1915A. His motion for appointment of counsel also is before the court for consideration.

**BACKGROUND**

Buckins alleges the following in his complaint:

In December 2014, Buckins submitted a medical request form complaining of pain in his abdominal area and "constant urination problems." Docket No. 1 at 4. He eventually was seen by Dr. Brenda McCoy, a staff member at Corizon Health Services (i.e., the medical care provider for the jail). Lab tests were ordered.

After not hearing the results of the lab tests and still being in pain, Buckins submitted another medical request form on January 28, 2015. Dr. McCoy and LVN Walker explained to him that the lab tests were normal and did not show the source of his pain. *See id.* at 5. In fact, the lab test results were abnormal, and the abnormal results "were obvious to any trained professional

doctor" and to an L.V.N. *Id.*

On May 8, 2015, Buckins passed a kidney stone and complained to medical staff of having blood in his urine, a burning sensation upon urination, and abdominal pain. *Id.* at 4. On May 11, 2015, Dr. McCoy ordered more lab tests of Buckins' urine. *Id.* at 6. The lab tests showed abnormal results. An ultrasound was done on May 19, 2015; the ultrasound report stated that Buckins' kidneys were "at the lower limits of normal in size" and appeared to have kidney stones. *Id.*

On May 27, 2015, Buckins was treated by Dr. Jeffrey Cooper. Dr. Cooper explained that Dr. McCoy was no longer Buckins' doctor. Some of Dr. McCoy's notes were erased from the file on the computer. Dr. Cooper ordered antibiotics based on the lab results earlier ordered by Dr. McCoy.

At some time before his August 20, 2015 release from Glenn Dyer Jail, Buckins was taken to Highland Hospital for a urology appointment. He was not seen by a doctor but an x-ray was taken. Buckins was never seen by a urologist while at Glen Dyer Jail.

Buckins was "released" to the San Francisco County Jail on August 20, 2015. *Id.* at 7. Buckins was interviewed at the new jail during triage, but someone at the Glenn Dyer Jail had not sent his full medical records with information about his condition. The "failure to advise San Francisco County Jail about Plaintiff's condition caused a delay in starting plaintiff's recovery and the source of Plaintiff['s] ongoing pains." Docket No. 1 at 7.

Dr. McCoy refused to give adequately strong pain medication to address Buckins' kidney-related pain. Docket No. 1-1 at 1.

## DISCUSSION

A. <u>Review of Complaint</u>

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or

1   seek monetary relief from a defendant who is immune from such relief.  *See id.* at §
2   1915A(b)(1),(2).  *Pro se* pleadings must be liberally construed.  *See Balistreri v. Pacifica Police*
3   *Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).
4         To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements:  (1) that a
5   right secured by the Constitution or laws of the United States was violated and (2) that the
6   violation was committed by a person acting under the color of state law.  *See West v. Atkins*, 487
7   U.S. 42, 48 (1988).
8         Deliberate indifference to a prisoner's serious medical needs amounts to the cruel and
9   unusual punishment prohibited by the Eighth Amendment.  *Estelle v. Gamble*, 429 U.S. 97, 104
10  (1976).[1]  A prison official violates the Eighth Amendment only when two requirements are met:
11  (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively,
12  deliberately indifferent to the inmate's health.  *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994).
13  For the objective prong of the deliberate indifference test in a medical care claim, the plaintiff
14  "must show a serious medical need by demonstrating that failure to treat a prisoner's condition
15  could result in further significant injury or the unnecessary and wanton infliction of pain."
16  *Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (citation and internal quotation marks
17  omitted).  For the subjective, or "deliberate indifference" prong, the plaintiff must show that the
18  prison official knew of and disregarded "an excessive risk to inmate health or safety; the official
19  must both be aware of facts from which the inference could be drawn that a substantial risk of
20  serious harm exists, and he must also draw the inference."  *Farmer*, 511 U.S. at 837.
21        Liberally construed, the complaint adequately pleads a claim against Dr. McCoy for
22  deliberate indifference to medical needs based on her alleged failure to adequately treat Buckins'
23  kidney problems and urinary tract infection.  The complaint does not state a claim against Dr.

---

[1] If Buckins was a pretrial detainee rather than a convict at the relevant time, his claim would arise under the Fourteenth Amendment's Due Process Clause rather than the Eighth Amendment's Cruel and Unusual Punishment Clause.  Even though pretrial detainees' medical claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims.  *See Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996).

United States District Court
Northern District of California

1    McCoy for events that occurred at the time of Buckins' release from Glenn Dyer Jail to the San
2    Francisco County Jail in August 2015, because the complaint alleges that Dr. McCoy ceased being
3    Buckins' doctor several months earlier and no facts are alleged suggesting that she played any role
4    in failing to forward Buckins' medical records to his new jail.

5    The complaint has some problems relating to the other defendants, and those problems
6    make it necessary for Buckins to file an amended complaint. Buckins named Dr. McCoy, Corizon
7    Health Services, and various municipal entities (i.e., the City of Oakland, Alameda County, and
8    Alameda County Sheriff's Department) as defendants. Buckins has not adequately pled a claim
9    against Corizon Health Services or any of the municipal entities.

10   There is no respondeat superior liability under § 1983, i.e., no liability under the theory
11   that one is responsible for the actions or omissions of another, such as an employee. *See Board of
12   Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698
13   F.3d 1128, 1139, 1144 (9th Cir. 2012). Thus, a claim would not be stated against Corizon Health
14   Services or the municipal entities merely because they employed the wrongdoer(s). If Buckins
15   wishes to pursue a claim against Corizon Health Services, he must allege facts showing a basis for
16   liability for that entity.

17   If Buckins wants to sue the municipality, he needs to make additional allegations in his
18   amended complaint to plead municipal liability. Local governments, such as Alameda County, the
19   Alameda County Sheriff's Department, and the City of Oakland, are "persons" subject to liability
20   under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort. *See Monell v.
21   Dep't of Social Servs.,* 436 U.S. 658, 690 (1978). To impose municipal liability under § 1983 for a
22   violation of constitutional rights, a plaintiff must show: "(1) that [the plaintiff] possessed a
23   constitutional right of which [he] was deprived; (2) that the municipality had a policy; (3) that this
24   policy amounts to deliberate indifference to the plaintiff's constitutional right; and (4) that the
25   policy is the moving force behind the constitutional violation." *See Plumeau v. School Dist. #40
26   County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997) (citations and internal quotation marks
27   omitted). For municipal liability, a plaintiff must plead sufficient facts regarding the specific
28   nature of the alleged policy, custom or practice to allow the defendant to effectively defend itself,

4

1  and these facts must plausibly suggest that the plaintiff is entitled to relief.  *See AE v. County of
2  Tulare*, 666 F.3d 631, 636-37 (9th Cir. 2012).  It is not sufficient to merely allege that a policy,
3  custom or practice existed or that individual officers' wrongdoing conformed to a policy, custom
4  or practice.  *See id.* at 636-68.

B. Motion For Appointment of Counsel

Buckins has moved for the appointment of counsel to represent him in this action. A district court has the discretion under 28 U.S.C. §1915(e)(1) to designate counsel to represent an indigent civil litigant in exceptional circumstances. *See Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986). This requires an evaluation of both the likelihood of success on the merits and the ability of the plaintiff to articulate his claims *pro se* in light of the complexity of the legal issues involved. *See id.* Neither of these factors is dispositive and both must be viewed together before deciding on a request for counsel under § 1915(e)(1). Here, exceptional circumstances requiring the appointment of counsel are not evident. On the allegations of the complaint, the likelihood of success on the merits looks low and Buckins has not shown a difficulty articulating his claims. The motion for appointment of counsel is DENIED. (Docket No. 2.)

## CONCLUSION

Plaintiff's complaint is dismissed with leave to amend. Plaintiff must file an AMENDED COMPLAINT no later than **January 13, 2017**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims, except that he does not need to allege any claim that has been dismissed without leave to amend. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc). Failure to file an amended complaint by the deadline will result in the dismissal of all defendants other than Dr. McCoy.

**IT IS SO ORDERED**.

Dated: December 7, 2016

_____
SUSAN ILLSTON
United States District Judge