UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EDWARD BUCKINS,<br>    Plaintiff,<br>  v.<br>BRENDA MCCOY, et al.,<br>    Defendants. | Case No. 16-cv-06157-SI<br><br>**ORDER OF SERVICE**<br>Re: Dkt. No. 11 |

Darrell Edward Buckins, Jr., formerly an inmate at the Glenn Dyer Jail in Alameda County and now an inmate at the San Francisco County Jail, filed a *pro se* civil rights action under 42 U.S.C. § 1983 complaining of conditions of confinement at the Glenn Dyer Jail. The court reviewed his complaint and dismissed it with leave to amend. His amended complaint is now before the court for review under 28 U.S.C. § 1915A.

**BACKGROUND**

Buckins alleges the following in his amended complaint about responses to his medical needs at Glenn Dyer Jail during the period December 2014 through August 2015:

In December 2014, Buckins submitted a medical request form complaining of pain in his abdominal area and "constant urination problems." Docket No. 11 at 5. He eventually was seen by Dr. Brenda McCoy, a staff member at Corizon Health Services, Inc., the medical care provider for the jail. Lab tests were ordered.

After not hearing the results of the lab tests and still being in pain, Buckins submitted another medical request form on January 28, 2015. Dr. McCoy and Debra Walker, a licensed

vocational nurse (LVN), explained to Buckins that the lab tests were "negative to any abnormalities" and failed to treat him adequately. *Id.* at 6. In fact, the lab test results were abnormal, and the abnormal results "were obvious to any trained professional physician" and to an L.V.N. *Id.* at 5-6.

Over the next six months, Buckins complained to the County through the grievance system and made requests for medical care regarding his increasing pain and dehydration. *Id.* at 6. He also complained to deputies about the quality of his medical care and they told him to stop complaining. *Id.* at 7.

On May 8, 2015, Buckins passed a kidney stone and complained to medical staff of having blood in his urine, a burning sensation upon urination, and abdominal pain. *Id.* at 7-8. On May 11, 2015, Dr. McCoy ordered more lab tests of Buckins' urine. *Id.* at 8. The lab tests showed abnormal results. An ultrasound was done on May 19, 2015; the ultrasound report stated that Buckins' kidneys were "at the lower limits of normal in size" and had abnormal findings. *Id.*

On May 27, 2015, Buckins was treated by Jeffrey Cooper, who was a physician's assistant or possibly a physician. *See id.* at 3, 8. Mr. Cooper explained that Dr. McCoy was no longer Buckins' doctor. Some of Dr. McCoy's notes had been erased from the file on the computer. Mr. Cooper ordered antibiotics based on the lab results earlier ordered by Dr. McCoy.

At some time before his August 20, 2015 release from Glenn Dyer Jail, Buckins was taken to Highland Hospital for a urology appointment. He was not seen by a doctor; instead, an x-ray was taken and he was returned to jail. *Id.* at 9. Buckins was never seen by a urologist while at Glen Dyer Jail.

Buckins was "released" to the San Francisco County Jail on August 20, 2015, after spending a few days at Santa Rita Jail. *Id.* Buckins was interviewed at San Francisco County Jail, but someone at the Glenn Dyer Jail had not sent his medical records with full information about his kidney-related condition. The failure to inform San Francisco County Jail about Plaintiff's condition caused a delay in starting plaintiff's treatment. *Id.* at 9.

Dr. McCoy refused to give adequately strong pain medication to address Buckins' kidney-related pain. *Id.* at 6.

2

The amended complaint alleges claims under 42 U.S.C. § 1983 and several state law claims. In addition to claims against Dr. McCoy, Mr. Cooper, and LVN Walker regarding their care for his kidney problems, Buckins asserts claims against several other defendants for their alleged shortcomings in the medical care for his kidney-related problems. Corizon Health, Inc., allegedly provided the medical and nursing care for inmates at the jail pursuant to contract with Alameda County. Dr. Harold Orr allegedly was an employee and/or agent of Corizon, and worked as the medical director of the County Jail. Dr. Maria Magat allegedly was an employee and/or agent of Corizon; she "was the site medical care director who supervised" and consulted with Dr. McCoy in the latter's care of Buckins. *Id.* at 3. Alameda County allegedly contracted with Corizon to provide the medical care for inmates at the county jail, and Alameda County Sheriff Gregory Ahern was in charge of the jail. The allegations against these defendants are contained primarily at pages 10-13 of the amended complaint, although there are allegations throughout the amended complaint against these defendants attempting to tie them to Buckins' several claims.

## DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b)(1),(2). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A. <u>Section 1983 Medical Care Claims</u>

Buckins does not allege whether he was a pretrial detainee or had been convicted when the events and omissions giving rise to the claims asserted in this action occurred.[1] His status affects the analysis of his claims because a convicted prisoner's medical care claim arises under the Eighth Amendment to the U.S. Constitution, whereas a pretrial detainee's medical care claim arises under the Fourteenth Amendment to the U.S. Constitution. Until recently, the standards were considered roughly the same under the Eighth and Fourteenth Amendments, *see generally Carnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996), but more recently, the two standards have diverged with respect to the mental state requirement for a defendant. Due to the differences in the Eighth and Fourteenth Amendment claims, an inmate-plaintiff's status at the time of the relevant events must be known because some conduct that violates the Fourteenth Amendment won't violate the Eighth Amendment. If a plaintiff has transitioned from being a pretrial detainee to a convict (or vice-versa), both standards may need to be applied -- with one standard being applied to the events that occurred when the person was a pretrial detainee and a different standard being applied to the events that occurred after he was convicted.

Deliberate indifference to a prisoner's serious medical needs violates the Eighth Amendment. *See Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Toguchi v. Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). A defendant violates the Eighth Amendment only when two requirements are met: (1) the deprivation alleged is, objectively, sufficiently serious, and (2) the official is, subjectively, deliberately indifferent to the inmate's health or safety. *See Farmer v. Brennan*, 511 U.S. 825, 834 (1994). In the medical care context, the prisoner first must identify an objectively serious medical need. *See Wilhelm v. Rotman*, 680 F.3d 1113, 1122 (9th Cir. 2012) (serious medical need exists if "failure to treat a prisoner's condition could result in further significant

---

[1] This court's own records suggest that Buckins may have been a convict for all of the time during which the events and omissions giving rise to the claims in this action occurred. In *United States v. Buckins*, N.D. Cal. Case No. 14-cr-387 EMC, a Darrell Buckins was found guilty at an April 2015 trial on a charge of escape from a residential reentry center on September 26, 2013. That same Darrell Buckins had been at the residential reentry center following a conviction and imposition of a 61-month term of incarceration in 2011 in *United States v. Buckins*, N.D. Cal. Case No. 10-cr-109 MHP.

injury or the unnecessary and wanton infliction of pain.") Second, the prisoner must allege that the defendant acted with the requisite mental state of deliberate indifference to a risk to the prisoner's health. Under the Eighth Amendment standard applicable to prisoner claims, a defendant is deliberately indifferent if he knows that a prisoner faces a substantial risk of serious harm and disregards that risk by failing to take reasonable steps to abate it. *Farmer*, 511 U.S. at 837. The defendant must not only "be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists," but he "must also draw the inference." *Id.*

When a pretrial detainee challenges conditions of his confinement, the proper inquiry is whether the conditions amount to punishment in violation of the Due Process Clause of the Fourteenth Amendment. *See Bell v. Wolfish*, 441 U.S. 520, 535 n.16 (1979). An inmate claiming that jail officials have responded inadequately to his medical needs while he was a pretrial detainee must establish two elements to state a claim under § 1983. First, he must identify an objectively serious medical need. *See Wilhelm*, 680 F.3d at 1122. Second, he must allege that a defendant acted with the requisite mental state of deliberate indifference to the risk to the inmate's health. It appears that a pretrial detainee must allege facts to show that a defendant "did not take reasonable measures to abate that risk, even though a reasonable officer in the circumstances would have appreciated the high degree or risk involved--making the consequences of the defendant's conduct obvious." *Castro v. County of Los Angeles*, 833 F.3d 1060, 1071 (9th Cir. 2016 (en banc), *cert. denied,* 137 S. Ct. 831 (2017).[2]

---

[2] For present purposes, the court assumes that an objective (rather than subjective) standard of deliberate indifference applies to medical care claims from pretrial detainees. The court recognizes the law currently is unsettled as to whether an objective or subjective standard of deliberate indifference applies. *Castro* announced the objective standard in a deliberate-indifference-to-safety claim from a pretrial detainee, and the Ninth Circuit has not yet decided whether the same objective standard of deliberate indifference applies to a medical care claim from a pretrial detainee. Two recent unpublished decisions suggest the issue remains undecided. *See Nyland v. Calaveras County Sheriff's Jail*, 2017 WL 1435436 (9th Cir. Apr. 24, 2017) (dismissal of claims of constitutionally inadequate medical care for pretrial detainee "was proper because under any potentially applicable standard, [plaintiff] failed to allege facts sufficient to show that defendants knew of and disregarded an excessive risk to his health," citing *Castro* as well as earlier cases using subjective standard for deliberate indifference claims); *Banks v. Castillo*, 2017 WL 784643, *1 (9th Cir. Mar. 1, 2017) (unpublished decision) (summary judgment was proper on a pretrial detainee's claim of deliberate indifference to medical needs "under any potential potentially applicable standard," citing *Castro* as well as earlier cases using subjective standard for deliberate indifference claims). Other circuits have taken different approaches. *See Ryan v. Armstrong*, 850 F.3d 419, 425 n.3 (8th Cir. 2017) (citing *Castro* and declining to decide

A claim of medical malpractice or mere negligence is insufficient to make out a violation of the Eighth Amendment or the Fourteenth Amendment. *See Toguchi,* 391 F.3d at 1060-61; *Hallett v. Morgan*, 296 F.3d 732, 744 (9th Cir. 2002); *Castro*, 833 F.3d at 1071.

Liberally construed, the amended complaint alleges cognizable § 1983 claims against the following defendants for deliberate indifference to Buckins' medical needs: Dr. McCoy, LVN Walker, Mr. Cooper, Corizon Health Services, Inc., Dr. Orr, Dr. Magat, County of Alameda, and Alameda County Sheriff Gregory Ahern. The liability of Corizon Health Services, Inc., County of Alameda, and Alameda County Sheriff Gregory Ahern rests on a *Monell* theory of liability based on the policies, practices and customs regarding medical care of inmates described in the amended complaint. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 690 (1978); *see generally Board of Cty. Comm'rs. of Bryan Cty. v. Brown*, 520 U.S. 397, 403 (1997); *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1139, 1144 (9th Cir. 2012) ("we see no basis in the reasoning underlying *Monell* to distinguish between municipalities and private entities acting under color of state law").

B. State Law Claims

Under California law, "[t]he elements of a cause of action for negligence are well established. They are (a) a legal duty to use due care; (b) a breach of such legal duty; [and] (c) the breach as the proximate or legal cause of the resulting injury." *Ladd v. County of San Mateo*, 12

---

whether deliberate indifference test is now an objective test for medical care claims by pretrial detainees); *Darnell v. Pineiro*, 849 F.3d 17, 35 n.14 (2d Cir. 2017) (citing *Castro* and holding that objective test for deliberate indifference applies to pretrial detainees' claims about conditions of confinement, such as overcrowding, sanitation problems, and inadequate nutrition)); *Alderson v. Concordia Parish Corr. Facility*, 848 F.3d 415 (5th Cir. 2017) (following Fifth Circuit precedent and declining to adopt objective standard for pretrial detainee's claim of deliberate indifference to medical needs). Defendants are free to revisit the issue of whether a subjective or objective standard of deliberate indifference should apply to a medical care claim from a pretrial detainee, but the court will assume in the interim that it is an objective standard.

The order of dismissal with leave to amend stated that "[e]ven though pretrial detainees' medical claims arise under the Due Process Clause, the Eighth Amendment serves as a benchmark for evaluating those claims. *See Garnell v. Grimm*, 74 F.3d 977, 979 (9th Cir. 1996)." Docket No. 3 at 3 n.1. Upon further reflection, the court determines that this proposition -- that the Fourteenth Amendment standard is essentially the same as the Eighth Amendment standard -- is now open to question for the reasons stated above.

Cal. 4th 913, 917 (Cal. 1996) (citations and internal quotation marks omitted).

Under California Government Code § 845.6, "a public employee, and the public entity where the employee is acting within the scope of his employment, is liable if the employee knows or has reason to know that the prisoner is in need of immediate medical care and he fails to take reasonable action to summon such medical care."

Liberally construed, the amended complaint alleges cognizable state law claims for negligence and violation of California Government Code § 845.6 (failure to obtain medical care for prisoners) against the following defendants for their responses to plaintiff's medical needs: Dr. McCoy, LVN Walker, Mr. Cooper, Corizon Health Services, Inc., Dr. Orr, Dr. Magat, County of Alameda, and Alameda County Sheriff Gregory Ahern. There may be claims-presentation or other pleading requirements unique to these state law claims; defendants may assert any such challenges in a motion challenging the pleading.

**CONCLUSION**

1. Liberally construed, the amended complaint states cognizable § 1983 claims and state law claims against Dr. Brenda McCoy, LVN Debra Walker, P.A. Jeffrey Cooper, Corizon Health Services, Inc., Dr. Harold Orr, Dr. Maria Magat, County of Alameda, and Alameda County Sheriff Gregory Ahern.

2. The clerk shall issue a summons and the United States Marshal shall serve, without prepayment of fees, the summons, and a copy of the amended complaint, and a copy of this order upon the following defendants:

- Dr. Brenda McCoy
- Debra Walker (licensed vocational nurse)
- Jeffrey Cooper, P.A.
- Corizon Health Services, Inc.
- Dr. Harold Orr
- Dr. Maria Magat
- County of Alameda
- Alameda County Sheriff Gregory Ahern

Other than Sheriff Ahern, the individual defendants apparently work at Corizon Health Services, Inc., the health care provider for the Glenn Dyer Jail in Oakland, California.

3. In order to expedite the resolution of this case, the following briefing schedule for dispositive motions is set:

    a. No later than **August 11, 2017**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b. Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **September 8, 2017**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c. If defendants wish to file a reply brief, the reply brief must be filed and served no later than **September 22, 2017.**

4. Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If a defendant files a motion for summary judgment for failure to exhaust administrative remedies, he is seeking to have the case dismissed. As with other defense summary judgment motions, if a

motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

5. All communications by plaintiff with the court must be served on a defendant's counsel by mailing a true copy of the document to defendant's counsel. The court may disregard any document which a party files but fails to send a copy of to his opponent. Until a defendant's counsel has been designated, plaintiff may mail a true copy of the document directly to defendant, but once a defendant is represented by counsel, all documents must be mailed to counsel rather than directly to that defendant.

6. Discovery may be taken in accordance with the Federal Rules of Civil Procedure. No further court order under Federal Rule of Civil Procedure 30(a)(2) or Local Rule 16 is required before the parties may conduct discovery.

7. Plaintiff is responsible for prosecuting this case. Plaintiff must promptly keep the court informed of any change of address and must comply with the court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b). Plaintiff must file a notice of change of address in every pending case every time he is moved to a new facility.

8. Plaintiff is cautioned that he must include the case name and case number for this case on any document he submits to this court for consideration in this case.

**IT IS SO ORDERED**.

Dated: May 11, 2017

SUSAN ILLSTON
United States District Judge