UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EDWARD BUCKINS,<br><br>  Plaintiff,<br><br> v.<br><br>BRENDA MCCOY, et al.,<br><br>  Defendants. | Case No. 16-cv-06157-SI<br><br>**ORDER QUASHING SERVICE ON DEBORAH M. WALKER NEE HAYWARD AND DENYING REQUEST FOR FUNDING**<br><br>Re: Dkt. No. 20 |

A. <u>Deborah M. Walker, formerly known as Deborah M. Hayward, Is Dismissed</u>

  In this *pro* se prisoner's civil rights action, Darrell Buckins complained about responses to his medical needs from December 2014 through August 2015 while he was housed at the Glenn Dyer Detention Facility in Oakland, California. Service of process was ordered on eight defendants, including a defendant identified as Debra Walker, L.V.N. Buckins provided a residential address in the Los Angeles suburb of Covina, California, to serve this defendant. Docket No. 14. The summons and amended complaint were mailed to the Covina address.

  The court then received a letter dated July 6, 2017, from Deborah M. Walker at the Covina address, in which she stated that she was formerly known as Deborah M. Hayward and was not the Debra Walker the plaintiff was trying to sue. The court noted that there appeared to be a genuine possibility that Buckins had caused the wrong person to be served as a defendant in this action, and ordered Buckins to notify the court whether he disagreed with Ms. Walker nee Hayward's assertion that she is not the Debra Walker he wanted to sue in this action. Docket No. 26. Buckins then filed a document expressing his agreement that Ms. Walker nee Hayward is not the person he intended to sue in this action. Docket No. 28.

In light of Buckins' agreement that Ms. Walker nee Hayward is not the person he intended to sue, the service of process on Ms. Walker nee Hayward is now QUASHED. **Ms. Walker nee Hayward is no longer a defendant in this action and has no further obligations in this action.**

The clerk shall mail a copy of this order to Deborah Walker nee Hayward at 19845 E. Navilla Place, Covina, CA 91724-3420.

Although Ms. Walker nee Hayward has been dismissed from this action, there is another woman named Debra Walker who remains a defendant in this action. Service of process has not yet occurred on her. The clerk shall correct the docket to show that Debra Walker remains a defendant, and that service of process has not yet been accomplished on her.

B. <u>Buckins' Request For Funding</u>

Darrell Buckins has requested that the court provide funding so he can make telephone calls to other parties and investigate his case. He receives sixty dollars a week for his *pro per* status in his criminal case, but those funds are limited to his criminal case. "[A]ny funding similar would help" him in this action. Docket No. 29.

The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). The *in forma pauperis* statute, 28 U.S.C. § 1915, does not authorize the expenditure of funds to pay for a private investigator, witness fees, or miscellaneous expenses (such as telephone charges) incurred by a litigant pursuing a claim. *Cf. Tedder*, 890 F.2d at 211-12 (pauper statute does not waive payment of fees or expenses for an indigent's witnesses). Unlike a criminal case where a *pro se* defendant has a constitutional right to represent himself, and therefore might have some sort of right to funding to enable the exercise of that constitutional right, no similar constitutional concerns exist in civil suits.

The *in forma* pauperis statute does not permit the court to provide Buckins any funding to support him in the prosecution of this civil rights action. Although it may be less desirable to him,

he can use the mails to communicate with other parties and conduct discovery. His request for funding is DENIED. Docket No. 29.

**IT IS SO ORDERED**.

Dated: September 20, 2017

_____
SUSAN ILLSTON
United States District Judge