UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DARRELL EDWARD BUCKINS,<br>Plaintiff,<br>v.<br>BRENDA MCCOY, et al.,<br>Defendants. | Case No. 16-cv-06157-SI<br><br>**SCHEDULING ORDER** |

Service of process finally has been accomplished on all defendants in this action. In order to move this action toward resolution, the court now sets the following briefing schedule:

    a.    No later than **August 31, 2018**, defendants must file and serve a motion for summary judgment or other dispositive motion. If defendants are of the opinion that this case cannot be resolved by summary judgment, defendants must so inform the court prior to the date the motion is due. If defendants file a motion for summary judgment, defendants must provide to plaintiff a new *Rand* notice regarding summary judgment procedures at the time they file such a motion. *See Woods v. Carey*, 684 F.3d 934, 939 (9th Cir. 2012).

    b.    Plaintiff's opposition to the summary judgment or other dispositive motion must be filed with the court and served upon defendants no later than **September 28, 2018**. Plaintiff must bear in mind the notice and warning regarding summary judgment provided later in this order as he prepares his opposition to any motion for summary judgment.

    c.    If defendants wish to file a reply brief, the reply brief must be filed and served no later than **October 12, 2018.**

Plaintiff is provided the following notices and warnings about the procedures for motions for summary judgment:

> The defendants may make a motion for summary judgment by which they seek to have your case dismissed. A motion for summary judgment under Rule 56 of the Federal Rules of Civil Procedure will, if granted, end your case. . . . Rule 56 tells you what you must do in order to oppose a motion for summary judgment. Generally, summary judgment must be granted when there is no genuine issue of material fact -- that is, if there is no real dispute about any fact that would affect the result of your case, the party who asked for summary judgment is entitled to judgment as a matter of law, which will end your case. When a party you are suing makes a motion for summary judgment that is properly supported by declarations (or other sworn testimony), you cannot simply rely on what your complaint says. Instead, you must set out specific facts in declarations, depositions, answers to interrogatories, or authenticated documents, as provided in Rule 56(e), that contradict the facts shown in the defendants' declarations and documents and show that there is a genuine issue of material fact for trial. If you do not submit your own evidence in opposition, summary judgment, if appropriate, may be entered against you. If summary judgment is granted, your case will be dismissed and there will be no trial. *Rand v. Rowland*, 154 F.3d 952, 962-63 (9th Cir. 1998).

If defendants file a motion for summary judgment for failure to exhaust administrative remedies, they are seeking to have the case dismissed. As with other defense summary judgment motions, if a motion for summary judgment for failure to exhaust administrative remedies is granted, the plaintiff's case will be dismissed and there will be no trial.

Plaintiff has sent one letter to the court asking for guidance about preparing a summary judgment opposition and obtaining expert opinions from doctors, and another letter asking for ADR forms "so [he] can at least agree on some of the discovery issues." Docket Nos. 48, 49. The court provides these responses. First, the preceding paragraph provides some basic information about preparing an opposition to a motion for summary judgment. The court does not otherwise aid or guide a plaintiff in the preparation of an opposition to a motion for summary judgment. As an inmate at the San Francisco County Jail, plaintiff might contact the Prisoner Legal Services office of the San Francisco Sheriff's Department or review materials from the jail's law library to learn additional information about preparing his opposition. Second, the parties must hire their own experts, if expert testimony is needed. Plaintiff is cautioned that he needs to make arrangements to pay witness fees and expert witness fees for any expert he wants to use. The expenditure of public funds on behalf of an indigent litigant is proper only when authorized by Congress. *See United States v. MacCollom*, 426 U.S. 317, 321 (1976); *Tedder v. Odel*, 890 F.2d 210, 211 (9th Cir. 1989). The *in forma* pauperis statute does not authorize the district court to

waive witness fees or expenses paid to the witnesses, *see Dixon v. Ylst*, 990 F.2d 478, 480 (9th Cir. 1992); *Tedder*, 890 F.2d at 211-12. Third, it appears that plaintiff does not understand what ADR refers to: ADR stands for Alternative Dispute Resolution, and is unrelated to discovery. A referral to ADR would result in the case being sent to a magistrate judge for mediation or settlement proceedings to attempt to resolve a case. The court does not believe that this case would benefit from an ADR referral at this time, before a motion for summary judgment has been filed or ruled upon, and therefore will not make an ADR referral. Of course, the parties are always encouraged to discuss settlement possibilities without the aid of the court. If plaintiff wants to discuss settlement possibilities with defendants, he might consider writing a letter to defense counsel making a settlement offer. The parties can then discuss among themselves any settlement potential for this case.

**IT IS SO ORDERED**.

Dated: July 18, 2018

_____
SUSAN ILLSTON
United States District Judge